## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SANDRA CRUZ VARGAS ALICEA, <u>et al.</u>,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 15-1941 (PAD)** |
| **CONTINENTAL CASUALTY COMPANY, <u>et al.</u>,** | |
| **Defendants.** | |

## OPINION AND ORDER

Delgado-Hernández, District Judge

Plaintiffs initiated this diversity tort action against Bio-Medical Applications of Ponce, Inc. and Continental Casualty Company. Before the court is defendants' "Motion to Dismiss for Failure to State a Claim" (Docket No. 27) the "Second Modified Second Amendment Complaint" ("Second Amended Complaint") (Docket No. 25) pursuant to Federal Rule 12(b)(6), which plaintiffs opposed (Docket No. 28). Defendants replied (Docket No. 31), and plaintiffs sur-replied (Docket No. 36). For the reasons explained below, the motion is DENIED.

## I.        BACKGROUND

Plaintiffs are the widow and three sons of Héctor Cruz ("Cruz"), a kidney dialysis patient at Bio-Medical Applications of Ponce, Inc. ("BMA"), who fell on the floor at BMA after a dialysis procedure and died three days later. Plaintiffs filed this tort suit seeking damages for Cruz' and their own pain and suffering, as well as medical, hospitalization, and burial expenses pursuant to Puerto

Rico law  (Docket No. 25).[1]  Defendants contend that the Second Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) (Docket No. 27).

## II.    STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).  A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory legal allegations (which need not be credited).  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

Should the factual content holistically permit the court to reasonably infer that the defendant is liable for the misconduct alleged, dismissal is not appropriate.  Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).  If the factual allegations are too conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.  S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); Rodríguez-Reyes, 711 F.3d at 53.

This inquiry does not demand a high degree of factual specificity.  García-Catalán, 734 F.3d at 103.  Sufficiency may be found even if a plaintiff has not alleged every fact necessary to win at trial or to successfully resist summary judgment.  Rodríguez-Reyes, 711 F. 3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.  All reasonable inferences must be drawn in plaintiff's favor.

---

[1] The Complaint was filed on July 16, 2015 (Docket No. 1) and a First Amended Complaint was filed on September 15, 2015 (Docket No. 11).  On October 19, 2015, plaintiffs filed a Second Modified Second Amended Complaint (Docket No. 25).

Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán, 734 F.3d at 103. Against this standard, plaintiffs' allegations are sufficient to avoid dismissal.

## III.   DISCUSSION

Defendants contend plaintiffs failed to plead any standard or duty of care which BMA violated and caused or contributed to Cruz' injuries. They allege the Second Amended Complaint is devoid of facts that could reasonably support a claim that Cruz fell as a result of any act or omission by BMA, that BMA could have taken steps to prevent Cruz from falling, or that BMA's personnel were negligent in their treatment of Cruz' injuries after he fell (Docket No. 27 at pp. 4-5). They posit that plaintiffs' allegations of negligence regarding the record keeping are insufficient inasmuch as the Second Amended Complaint "mention[s] no legal support for the assertion that an illegible and incomprehensible note in a medical record constitutes negligence" (Docket No. 27 at p. 7).

In turn, plaintiffs complain that Cruz was a patient at BMA when he fell; that due to his medical conditions he was predisposed to falling and, although BMA knew or should have known this, it failed to take sufficient measures to prevent such falling; that BMA failed to properly handle the situation and assess Cruz' condition; that BMA was negligent in its record keeping of Cruz' condition and the incident; and that Cruz and plaintiffs suffered damages caused by BMA's negligent actions and omissions (Docket No. 25 at ¶¶ 6, 14, 17-18, 25-26, and 29-36). More specifically, they allege that:

1. Cruz was a patient with a history of chronic kidney disease for which he was receiving dialysis at BMA. Id. at ¶¶ 6 and 14.

2. On June 3, 2013, after his dialysis procedure, Cruz suffered a major fall. Id. at ¶ 16.

3. As a result of the fall, Cruz sustained a subdural hematoma and underwent endotracheal

intubation, surgery, and a craniotomy.  Id. at ¶¶ 19-20.

4.  On June 6, 2013, Cruz died.  His primary cause of death was "cerebrovascular accident including intracranial hemorrhage."  Id. at ¶¶ 21-22.

5.  The clinical condition of Cruz required the presence and assessment of a nephrologist and/or an evaluating physician, yet none was present at BMA or assessed him.  Id. at ¶ 25.

6.  BMA knew or should have known that as a dialysis patient with a history of severe hypertension and intermittent hyperkalemia, there were significant risk factors to redispose Cruz to a fall and, thus, necessary steps to prevent a fall should have been taken.  It was BNA's duty to prevent the fall.  Yet, BNA did not take any preventive measures to avoid it.  Id. at ¶¶ 25, 29-31.

7.  Cruz' medical records with BMA are deficient, improperly prepared, partially illegible and incomprehensible, unclear about the fall incident, and do not allow an assessment of the dialysis occurrences on the day of the accident.  They lack data/information critical in a dialysis patient about factors that can contribute to the risk of bleeding.  Id. at ¶¶ 17-18, 25-26.

8.  Cruz experienced intense physical and mental pain between the time he fell and his death.  Id. at ¶¶ 33-36.

9.  Cruz' wife and sons experienced pain and suffering during the time that Cruz was hospitalized after the fall and for the following loss of their husband and father, respectively.  Id. at ¶¶ 38-46.

10.  Plaintiffs also had to incur in medical, funeral and burial expenses.  Id. at ¶¶ 32, 47-48.

Under Article 1802 of Puerto Rico's Civil Code, recovery of tort damages requires a showing that the defendant "by act or omission caused damages to another through fault or negligence."  P.R. Laws Ann. tit. 31, § 5151.  The Article sets three elements for a general tort

claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission.  See Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007) (citing Torres v. Kmart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R. 2002)).

Viewing the Second Amended Complaint as a whole, plaintiffs have pleaded sufficient facts to provide fair notice to defendants and that, taken as true, state a facially plausible legal claim.  See García-Catalán, 734 F.3d at 103.  To that end, there are factual allegations regarding BMA's negligent omission in not preventing a fall that, due to Cruz' condition, was foreseeable; negligence in the handling of the situation and the medical record; damages suffered by Cruz and plaintiffs; and a causal nexus between their damages and defendants' acts and omissions.  Nothing else is required to survive dismissal at this stage of the litigation.  See Rodríguez-Reyes, 711 F.3d at 54 ("It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage."); García-Catalán, 734 F.3d at 103 (holding that "there need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action", and that "for pleading purposes, circumstantial evidence often suffices to clarify a protean issue").

## IV.   CONCLUSION

In light of the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), defendants' motion at Docket No. 27 is DENIED.  Defendants shall answer the Second Amended Complaint not later than May 27, 2016.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of May, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE